Good morning, Your Honors. Meredith Vaughn for Petitioner Larry Thomas. I mean, Appellant Larry Thomas, excuse me. Well, the Court's order on Friday directing counsel to be prepared to discuss the procedural aspects and the merits of the uncertified issue, that's interesting. I'm not sure how far the Court wanted to go with exploring the procedural posture and merits of that issue. But with that in mind, I did send out two additional 28J letters late yesterday. One of them is with citation to a case that was published just yesterday out of the U.S. Supreme Court called Holland v. Florida. And that case holds for a more liberal application of equitable tolling than perhaps had been clear before that. And that would go to the procedural posture of the uncertified issue, not necessarily at the  And that's the one that I think would be helpful, just a bit, if the Court were thinking about, well, where might this issue actually be going or not anyway? Well, is it there? That's the procedural question, is whether there is really an issue that was raised below that's an uncertified issue. Yes, and it took quite a bit of digging to find it, but yes, it's there. Specifically, okay, in appellant's federal habeas petition that was filed that was signed and mailed on February 20th of 2004, in that original petition, no, the issue of competency is not presented. I thought it was presented in the original. It's not? I may have missed it. If it is, I missed it. And for that, I sincerely apologize. For sure, it was raised in the federal, in the amended petition at EOR, excuse me, EOR 313, page EOR 313. It's listed as claim three, filed April 29th of 2004. If that is, in fact, the first mention in federal district court of the competency issue, then there would be a question as to whether the relation back doctrine, the relation back doctrine allows him the benefit of the February 20th of 2004 filing. And then if that question is yes, then presumably he, that would be considered timely for the same reason that the state's motions to dismiss were twice denied by the district court. If the relation back doctrine is not applicable, that's where Holland v. Florida comes into play to suggest that equitable tolling should excuse the relatively short time lapse that happened there. And that's based on Mr. Thomas's mental infirmity, as well as the procedural complexity, not only of EDPA cases in general, but of his particular case, which involved a couple different rounds to state court, and in which appellate counsel failed to file petitions for review, and among his multitude of state habeas filings, he did allege ineffective assistance of both appellate counsel. What did the district court do with it? The district court? Yeah. Ignored it. Well, it didn't deal with it. The district court apparently didn't deal with it. It did not address it. Yeah. Failed to address it. Right. And also, in his objections, he raised it, didn't he? Also in his objections, and it wasn't dealt with. Did he? Well, in his objections, I'm not sure. I'm not sure about that. I could take a moment and check if the court ---- No, that's all right. We can meet. Okay. Why don't you address the merits of the competency, and then anything else that you want to talk about? Okay. So the merits of the competency issue, as far as where the case would be going, and again, I apologize for the lateness of this. This was a case that came out of this court, the Ninth Circuit, last month. I should have brought it to the attention of this court sooner than I did, which was at 5.01 p.m. yesterday, but it only occurred to me very late in the day that this case actually might be responsive to the court's order from Friday, and it certainly would have been beyond the scope of today's argument, but for the order on Friday. And that case is Maxwell v. Rowe, number 08-55534. That case is pretty closely on point. In that case, too, a California conviction was reversed because of the trial court's failure to hold a competency hearing. Similarities. In both cases, the defendant had previously been found incompetent. Okay? So that's a common thread between Maxwell v. Rowe and Mr. Thomas' situation. Now, as this court indicated in Maxwell v. Rowe, Pate says that a prior determination of incompetency is highly relevant to whether a trial judge has a duty, and in Maxwell v. Rowe, it was found to be that the court had a sua sponte duty, whereas here in our case, trial counsel actually mentioned to the trial court, do we have a little bit of a competency question here? We've got a problem. And this was because Mr. Thomas was completely unable to meaningfully assist his counselor. Right. So this Maxwell v. Rowe case is right on point. And there, this court held that the state's denial of a competency hearing constituted an unreasonable determination of facts in light of the evidence that was before the court at the time, as well as an unreasonable application of U.S. Supreme Court precedent. And the remedy in that case, because it was all so old, it was so many years old that it was impossible to go back and conduct a meaningful determination of whether, in fact, the defendant had been competent at the time of trial. So because it was impossible, the remedy was just an outright reversal, and the state was free to retry him. And I would think at that point it would behoove the state to give him good psychiatric care, which is another thing that Mr. Thomas has complained of. And even though it's not within the scope of federal habeas, I think it is worth noting that Mr. Thomas has made it clear to the state court as well as this court in his habeas petitions that he needs more help, more psychiatric help that he's not getting. And they're giving short shrift to that. And that's actually somewhat of a common thread with the Maxwell v. Roe case as well. So if they want to retry him, I hope they'll give him some serious psychiatric care starting pretty soon. But, of course, that's all pretty far down the road, depending on whether this court thinks that a remand of any kind is appropriate. And if there is going to be a remand to the district court, what would the scope of that remand be? We would request that the scope of the remand would be the full scope of the uncertified and certified issues presented in appellant's opening brief. If the court believes that a more narrow scope or a more particular focus is necessary, then instructions on that would certainly be helpful guidance, I would think. And if the court needs supplemental briefing on any issue as far as honing that, we're certainly available to work on that. Shouldn't the district court just address whether the trial court should have had a competency hearing at the time of trial, if the scope is narrow, and then just let the district judge decide how to proceed and not necessarily have an evidentiary hearing himself? Well, it doesn't need to be an evidentiary hearing. But in case of this kind of petitioner, we need to have counsel appointed. And he asked repeatedly to have counsel appointed to assist him, told the district court that he is not capable of doing this himself, which he really isn't. And those requests were just not addressed. And if this court would direct the district court right now. You were appointed by this court, weren't you? I was appointed by this court. So if this court would direct the district court to have counsel in place to assist him, then that would facilitate a meaningful process. Thank you. You're in the red, too. Yes. Thank you. May it please the Court. John Bachman, California, Attorney General's Office, on behalf of Apelli. I believe the mental competency claim is in the original habeas petition that he filed. It's couched as a mental competency, but then his supporting facts relate to the denial of his FREDA Marsden motion. And then in his amended petition, he did not include that claim. What is the date? I'm sorry. What is the date of the original? I have one in front of me. The 20th is the original. The 20th. February 20th of 2004. And there. Right. And there. Right. He does raise it there. Right. Okay. That's the original. And then in the amended one, he does not raise it. Right. Well, he calls it amending. Well, okay. Amending habeas. Yes. And he does not include it there. And he does not include it in that one. And the district court, because that was the operative petition, did address the issues in his amended petition. And so it did not address that issue. But didn't he raise it in his traverse? He does mention it in his traverse, yes. So, but it was not addressed at the district court. He also did not exhaust it in the California Supreme Court. He includes a claim related to his 1999. Shouldn't the district court decide that in the first instance? Right. Right. It's not only was it not litigated in the district court, but it was also not exhausted. I think the appellant's reliance on Harbison also does not alleviate the need for the certificate of appealability. Harbison went to the state appointment of counsel for a state clemency hearing, and it did not relate to the lawfulness of the detention or the merits of the petition. Here, we have a claim that goes to the merits of the petition and the lawfulness of the detention. And so Harbison does not help appellants avoid the need for a certificate of appealability or else litigation of the claim below. Just as the claim is procedurally flawed, it's also substantively meritless. Prior to that trial, when they discuss it, the parties discuss shackling appellant. His attorney says that his mind is calm, he was compliant, and he was able to discuss the case with him. At the point where he unexpectedly took the fifth mid-trial, his attorney said that he discussed his testimony at the lunch hour, did not raise that issue, and the trial court said it had watched him and had discussed issues related to his discomfort with him and that he did not raise a competency question. And perhaps most telling is two days later, he testified at length. He answered some 300 questions, and he's fairly lucid, fairly cogent, and he was able to give clear answers during that testimony. So I think both substantively it's meritless and procedurally it's flawed. And with that, we would submit it, unless there's any questions from the Court. Are there any questions of the government? No. Thank you. Are there any questions of the petitioner? No. All right, thank you. The case just argued is submitted for decision.
judges: Gonzalez, Schroeder, Bybee